UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KOVACS, | Case No. 2:25-cv-2152-DAD-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| J.P. MORGAN SECURITIES LLC, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against J.P. Morgan Securities LLC and Chase Bank. His complaint, however, fails to state a claim and is dismissed. I will give plaintiff leave to amend to file an amended complaint that better explains the factual basis for his claims. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in June 2017 he opened a Chase credit card to make purchases from Amazon. ECF No. 1 at 9. Plaintiff made three timely payments on the card and maintained a balance of $115. *Id.* In August of that year, Chase mailed plaintiff a letter which stated, "[w]e will be closing your credit card account on October 6, 2017 because continuing the relationship creates possible reputational risk to our company." *Id.* Plaintiff alleges that he never defaulted on the card, made late payments, or received a negative credit event. *Id.* Plaintiff requested from Chase all evidence that demonstrated he was a "reputational risk." *Id.* Chase refused to provide plaintiff with any information. *Id.* Plaintiff later spoke with a Chase representative who "hinted" that an unrelated 2012 federal conviction was the basis for Chase labeling plaintiff a reputational risk. *Id.* Chase never confirmed that plaintiff's conviction was the basis for his card being

1 | canceled. *Id.*

2 | In 2025, plaintiff opened a checking account with Chase for the sole purpose of depositing
3 | an $8,000 check. *Id.* Three months later, Chase sent plaintiff a letter stating, "[y]our account will
4 | be closed. Please move your deposits to a different bank." *Id.* Chase did not provide plaintiff
5 | with a reason for closing his account.

6 | Plaintiff brings six causes of action: defamation, intentional infliction of emotional
7 | distress, breach of implied covenant of good faith and fair dealing, violation of California's
8 | Unfair Competition Law pursuant to California Business and Professions Code section 17200,
9 | violation of California's Consumer Legal Remedies Act pursuant to California Civil Code section
10 | 1750, and violation of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681. *Id.*
11 | at 10-11.

12 | Plaintiff's federal claim for violation of the FCRA fails. The purpose of the FCRA is "to
13 | require that consumer reporting agencies adopt reasonable procedures for meeting the needs of
14 | commerce for consumer credit, personnel, insurance, and other information in a manner which is
15 | fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and
16 | proper utilization of such information." 15 U.S.C. § 1681(b). Imposition of civil liability for
17 | violations of this Act are governed by §§ 1681n and 1681o. Section 1681n(b) provides that
18 | "[a]ny person who obtains a consumer report from a consumer reporting agency under false
19 | pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting
20 | agency . . ." Section 1681o(a) imposes civil liability for "negligent" noncompliance on "[a]ny
21 | person who is negligent in failing to comply with any requirement imposed under this subchapter
22 | with respect to any consumer is liable to that consumer . . ." The FCRA imposes requirements
23 | only on "consumer reporting agencies" or "users of information" furnished by consumer
24 | reporting agencies. *See* 15 U.S.C. § 1681(h) (conditions and form of disclosure to consumers).
25 | Section 1681a(f) defines the term "consumer reporting agency" to include only persons or
26 | organizations that engage on a regular basis in assembling or evaluating consumer credit
27 | information in order to furnish consumer reports to third parties.

28 | Plaintiff does not allege that defendants engaged in activities covered by the FCRA.

1    Indeed, plaintiff alleges that Chase closed his credit card in 2017 due to a reputational risk and
2    closed his checking account in 2025 without explanation. These actions are not covered under
3    the FCRA and therefore this claim should be dismissed.
4         Plaintiff also alleges five state law claims. And while the complaint contains sufficient
5    alleges to show complete diversity, the allegations regarding the amount in controversy fall below
6    the necessary requirement for diversity jurisdiction. *See* U.S.C. § 1332 (requiring diversity
7    between the parties and the amount in controversy exceeds $75,000). In his complaint, plaintiff
8    seeks $10,000,000 in damages for emotional distress, reputational harm, and credit impairment.
9    ECF No. 1 at 11-12. However, he alleges that his Chase checking account with $8,000 was
10   closed (its unclear whether plaintiff moved his money to a different account) and that his Chase
11   credit card was closed. Plaintiff has made no plausible allegations that the amount in controversy
12   in this action is ten million dollars, or anywhere close to $75,000. *See Licea v. Caraway Home*
13   *Inc.*, No. EDCV 22-1791 JGB (SHKx), 2023 WL 1999496, at *6 (C.D. Cal. Feb. 9, 2023); *see*
14   *also Petkevicius v. NBTY, Inc.*, No. 3:14-cv-02616-CAB (RBB), 2017 WL 1113295, at *4 (S.D.
15   Cal. Mar. 24, 2017) ("[S]imply stating . . . the amount in controversy . . . without any specific
16   factual allegations as to the actual amount sought by the plaintiffs does not constitute a good faith
17   allegation . . . ."). Accordingly, because this court lacks diversity jurisdiction, I will decline to
18   exercise supplemental jurisdiction and dismiss plaintiff's state law claims.
19        Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow
20   plaintiff a chance to amend his complaint before recommending that this action be dismissed.
21   Plaintiff should also take care to add specific factual allegations against defendant. If plaintiff
22   decides to file an amended complaint, the amended complaint will supersede the current one. *See*
23   *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the
24   amended complaint will need to be complete on its face without reference to the prior pleading.
25   *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer
26   serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to
27   assert each claim and allege defendant's involvement in sufficient detail. The amended complaint
28   should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff

does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   October 21, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5