UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE M. KOVACS, | Case No.  2:25-cv-2152-DAD-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J.P. MORGAN SECURITIES, LLC, *et al.*, | |
| Defendants. | |

Andre M. Kovacs ("plaintiff") brings this action against defendants J.P. Morgan Securities, LLC and Chase Bank, alleging that they wrongfully closed his credit card account in 2017.  ECF No. 5 at 3-4.[1]  Plaintiff alleges that this court has diversity jurisdiction because he is a citizen of California and defendants are incorporated in Delaware and have New York as their principal place of business.  *Id.*  His claims, however, are frivolous and largely time-barred.  Accordingly, I now recommend that this action be dismissed without leave to amend.

---

[1] Although plaintiff's second amended complaint supersedes his first amended complaint, I have considered both out of an abundance of caution.  They do not, separately or jointly, state any cognizable claim.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in June 2017, he opened a Chase credit card. ECF No. 5 at 3. He claims that despite making his payments on time, Chase closed his account in August 2017 without providing him any justification. *Id.* at 4. Plaintiff claims that he lost business and income without the credit card. *Id.* Then, in 2025, defendant Chase abruptly closed his checking

2

account, precluding him from depositing a check.  *Id.* at 5.  He alleges that, in closing these accounts, defendants "defamed" him because they implied that he was involved in criminal activity.  *Id.* at 6.  Plaintiff also claims that defendants committed intentional infliction of emotional distress in closing his accounts.  *Id.* at 6-7.  Finally, he alleges that defendants violated the Fair Credit Reporting Act.  *Id.* at 7.

First, plaintiff's tort claims related to the account closure in 2017 are almost certainly time-barred.  California has a one-year statute of limitations for defamation claims.  *See* Cal. Civ. Proc. § 340.  And the state has a two-year statute of limitations for intentional infliction of emotional distress.  *See* Cal. Civ. Proc. § 335.1.

Second, plaintiff's state tort claims fail.  The gravamen of this action is that on two separate occasions, defendants declined to provide plaintiff with commercial services.  Such allegations might support a claim for breach of contract, which plaintiff does not raise here, but they do not implicate either defamation or intentional infliction of emotional distress.

As to his defamation claim, plaintiff vaguely alleges that defendants intimated that he was involved in criminal activity, but he provides no specifics.  He does not allege when defendants made this representation, to whom (other than him) it was made, or what criminal activity they alleged he was involved in.  To sustain a claim for defamation plaintiff must allege: (1) publication (2) of false information (3) that is defamatory and (4) unprivileged, which (5) has the natural tendency to injure or cause special damage.  *Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1172 (E.D. Cal. 2020).  Here, at a minimum, plaintiff has failed to allege that defendants published this information regarding his criminality.

And, with respect to his intentional infliction of emotional distress claim, plaintiff has failed to allege that defendants committed "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress."  *See Lawler v. Montblanc N. Am.*, LLC, 704 F.3d 1235, 1245 (9th Cir. 2013) ("California recognizes a cause of action for intentional infliction of emotional distress ('IIED') when there is: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering

3

severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.")  (internal quotation marks omitted).  Here, plaintiff alleges only that defendants closed his commercial accounts, conduct that can hardly be deemed "extreme and outrageous."  Large credit card companies and banks routinely close customer accounts for various reasons, and, at bottom, the basic commercial decision not to render services cannot, absent extenuating circumstances not alleged here, be deemed extreme or outrageous.

Finally, as I notified plaintiff in my previous screening order, the Fair Credit Reporting Act imposes requirements only on "consumer reporting agencies" or "users of information" furnished by consumer reporting agencies.  *See* 15 U.S.C. § 1681(h) (conditions and form of disclosure to consumers).  Section 1681a(f) defines the term "consumer reporting agency" to include only persons or organizations that engage on a regular basis in assembling or evaluating consumer credit information to furnish consumer reports to third parties.  And plaintiff's allegations do not indicate that defendants engaged in activities covered by this act.

Plaintiff has been afforded more than one opportunity to amend and produce a viable complaint.  He has repeatedly failed to state any cognizable claim.  Accordingly, I conclude that this action should be dismissed without leave to amend, because amendment would be futile.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (futility of amendment is reason to deny leave to amend).

Accordingly, it is RECOMMENDED that:

1.  Plaintiff's second amended complaint, ECF No. 5, be DISMISSED without leave to amend for failure to state a cognizable claim.

2.  The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

4

within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     January 14, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE