UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE M. KOVACS,<br>Plaintiff,<br>v.<br>J.P. MORGAN SECURITIES, LLC, et al.,<br>Defendants. | Case No. 2:25-cv-2152-DAD-JDP (PS)<br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION WITHOUT FURTHER LEAVE TO AMEND</u><br>(Doc. No. 6) |

Plaintiff initiated this civil action by filing a complaint on July 31, 2025, and proceeds *pro se* and *in forma pauperis*. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

On October 21, 2025, the assigned magistrate judge screened plaintiff's complaint, found it to be deficient and directed plaintiff to file an amended complaint addressing the noted pleading deficiencies within thirty days. (Doc. No. 3.) On November 12, 2025 plaintiff filed a first amended complaint and on November 19, 2025, filed a second amended commended complaint. (Doc. Nos. 4, 5.) On January 14, 2025, the magistrate judge issued the pending findings and recommendations recommending that plaintiff's second amended complaint be dismissed for failure to state a cognizable claim and without further leave to amend. (Doc. No. 6.) Specifically, the magistrate judge concluded that plaintiffs claims, all related to his contention that the defendants wrongfully closed his credit card account in 2017, appeared to be time barred

and failed to state a cognizable tort claim, an intentional infliction of emotional distress claim, or a claim under the Fair Credit Reporting Act as asserted. (*Id*. at 2–4.) Finally, the magistrate judge concluded that plaintiff had twice attempted to cure the pleading deficiencies noted in the court's prior order and had failed to do so, thus establishing the granting of further leave to amend would be futile. (*Id*. at 4.)

Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*) On January 20, 2026, plaintiff filed his objections to the findings and recommendations. (Doc. No. 7.) Therein, plaintiff argues that his claims are not time barred because he continues to be injured by defendants' actions and he requests leave to file a third amended complaint. (*Id*. at 1–2.) However, plaintiff does not proffer any specific additional factual allegations that he could in good faith allege in a third amended complaint that would address the pleading deficiencies that lead the magistrate judge to conclude that plaintiff had again failed to state any cognizable claim for relief. Therefore, even assuming they are not time barred on their face, plaintiff has failed to state any cognizable claim for relief, it appears clear that he cannot do so, and that the granting of further leave to amend would be futile.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued January 14, 2026 (Doc. No. 6), are adopted;
2. Plaintiff's second amended complaint (Doc. No 5), is dismissed without further leave to amend for failure to state a cognizable claim; and
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE